UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

DAVID R.,[1]

       Plaintiff,

   v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

Case. No. 1:19-cv-00753-YY

OPINION AND ORDER

YOU, Magistrate Judge:

*Pro se* plaintiff Richard R. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401-433 and his application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(g)(3). For the reasons set forth below, that decision is AFFIRMED.

## PROCEDURAL HISTORY

Plaintiff protectively filed for DIB and SSI on July 26, 2016, alleging disability beginning on September 2, 2009. Tr. 277-96. His applications were initially denied on

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of his last name.

1 – OPINION AND ORDER

October 28, 2016, and upon reconsideration on June 19, 2017. Tr. 218-27, 232-37. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on August 29, 2018. Tr. 38-71. After receiving testimony from plaintiff and a vocational expert, ALJ Barry Robinson issued a decision on September 26, 2018, finding plaintiff not disabled within the meaning of the Act. Tr. 18-32. The Appeals Council denied plaintiff's request for review on March 8, 2019. Tr. 1-5. Accordingly, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035. The court has a duty to liberally construe a plaintiff's *pro se* brief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 2, 2009. Tr. 21.

At step two, the ALJ determined plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy and stenosis, and mental impairment variously diagnosed to include depressive disorder, post-traumatic stress disorder, somatic disorder, and personality disorder. *Id.* The ALJ recognized other impairments in the record, i.e., osteoarthritis of the bilateral knees, osteoarthritis of the hips, degenerative joint disease in the right shoulder, unilateral inguinal hernia, seizure disorder, glaucoma, obstructive sleep apnea, and headaches/migraines, but concluded that these impairments were non-severe. *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.* The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined he could perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the exceptions that he could (1) frequently climb ramps and stairs, (2) occasionally climb ladders, ropes, and scaffolds,

(3) occasionally stoop, (4) and frequently balance, kneel, crouch, and crawl. Tr. 24. The ALJ also found that plaintiff requires a job where there is no more than occasional interaction with the public and where interaction with the public is not a primary component of the job. *Id.*

At step four, the ALJ found plaintiff unable to perform past relevant work. Tr. 30.

At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, he could perform jobs that existed in significant numbers in the national economy, including hand packager and auto detailer. Tr. 32. Thus, the ALJ concluded plaintiff was not disabled. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ: (1) improperly discounted his subjective symptom testimony and (2) erroneously assessed the medical opinion evidence of state agency physician Dr. Neal Berner. Plaintiff also asks the court to consider new medical evidence presented for the first time in his reply brief.

**I.     Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not

arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical record and other evidence in the record. Tr. 24. Specifically, the ALJ found that "while objective physical examinations during the period at issue support some limitations, they are not as severe as the claimant alleges." Tr. 25.

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3),

416.929(c)(1)-(3); Social Security Regulation ("SSR") 16-3p, *available at* 2017 WL 5180304, at *7-8 (Oct. 25, 2017). When coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson*, 359 F.3d at 1197-98). However, a lack of objective medical evidence may not form the ALJ's sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("the Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")).

With respect to plaintiff's back pain, the ALJ noted that plaintiff

> testified that he was most limited by back pain, with shooting pain into his legs and feet. He testified that he could sit for no more than 20 to 30 minutes before his back started to ache and lock up, he could stand for no more than 30 minutes before his legs gave out, and he could lift no more than 20 pounds.

Tr. 25. However, the ALJ observed:

> [A]n examination in December 2016 found tenderness in the paraspinal muscles with diffuse muscle spasm, tenderness in the bilateral sacroiliac joints, and tenderness in the bilateral sciatic notch area (Exhibit B21F/6). The examination also found range of motion deficits in the lower back, well as positive straight leg raising bilaterally (Exhibit B21F/6). Nevertheless, the examination found grossly intact motor and sensory function (with the exception of diminished plantar sensation), abnormal gait without need for an assistive device, no abnormalities in the cervical spine, and no abnormalities in the hips bilaterally (Exhibit B21F/6-7). Another examination in May 2017 made similar findings (Exhibit B21F/20-21). Finally, an examination in October 2017 found left antalgia and tenderness to palpation in the lumbar spine with some range of motion deficits (Exhibit B23F/18). However, the examination also found negative straight leg raises bilaterally, normal (5/5) strength in the major muscle groups of the bilateral lower extremities with some give-way with hip flexion, knee extension and ankle dorsiflexion, and

6 – OPINION AND ORDER

> intact sensation to light touch in the bilateral lower extremities (Exhibit B23F/18-19). More importantly, it also noted that the claimant was able to heel and toe walk without difficulty and squat/stand without difficulty (Exhibit B23F/18). Overall, these findings are consistent with his report in early October 2017 that he was able to ambulate and complete his activities of daily living and had sustained no falls or injuries (Exhibit B20F/12).

Tr. 25-26. The medical records cited support the ALJ's conclusions.

With regards to plaintiff's mental health, the ALJ noted that plaintiff "repeatedly" testified that "he [did not have] problems getting along with other people." Tr. 27. However, the ALJ observed that

> mental health treatment notes have previously documented the claimant's various reports of a violent past and a history of non-conformity, irritability, and reports of problems with anger and "blind rage" (Exhibit B19F/7; B11F/8). Additionally, when he was consultatively examined in May 2017, the examining physician described the claimant as irritable and later indicated that he demonstrated excessive pain behavior and inconsistent performance throughout the examination (Exhibit B18F/2). Also in May 2017, an evaluating psychologist made similar findings, noting the claimant was angry and frustrated from the outset, rarely missed an opportunity to respond with sarcasm or a negative comment, particularly about the government, and demonstrated relatively poor social skills (Exhibit B17F/4).

Tr. 27. Again, the medical records cited support the ALJ's conclusions, and these were rational interpretations of the records.

Moreover, the ALJ did not rely solely on the medical records in rejecting plaintiff's testimony. Rather, regarding plaintiff's back pain, the ALJ noted there was "clear evidence of symptom magnification and self-limiting movements," "excessive pain behavior," and "inconsistent performance" during plaintiff's May 2017 consultative exam.[2] Tr. 27, 28. The ALJ further observed that "two examining sources noted a pattern of over-amplification

---

[2] In the report, the physician noted plaintiff's "self-limitation" during "inspection of the back" and that "[plaintiff] refused essentially to walk on heels and toes and he had difficulty answering why." Tr. 719.

7 – OPINION AND ORDER

or over-reporting of symptoms and inconsistent performance on testing." Tr. 23. Regarding plaintiff's mental health, the ALJ noted that plaintiff's "responses to posttraumatic stress disorder related questioning and testing credibly suggested a significant likelihood of overreporting."[3] Tr. 27. These are valid bases for discounting a plaintiff's testimony. *See Thomas*, 278 F.3d at 959 (holding "ALJ's finding, supported by the record, that [the plaintiff] failed to give maximum or consistent effort during two physical capacity evaluations" was "compelling"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (holding ALJ properly discredited testimony based on the claimant's "tendency to exaggerate" and "lack of cooperation during consultative examinations").

In sum, the ALJ provided specific, clear and convincing reasons, supported by substantial evidence, to reject plaintiff's subjective symptom testimony. Even if plaintiff has an alternative interpretation of the evidence, the ALJ's interpretation was rational and supported by substantial evidence. Therefore, the ALJ's decision must be affirmed. *Rollins*, 261 F.3d at 857 (where an ALJ's interpretation of the evidence is reasonable and supported by substantial evidence the court must uphold the ALJ's determination even if there are reasonable alternative interpretations).

## II.     Medical Opinion Evidence

Plaintiff argues that the ALJ improperly rejected the opinion of state agency physician Dr. Berner. Pl. Br. 2. Plaintiff specifically contends that the ALJ "erred by discrediting and rejecting without a proper and adequate basis [Dr. Berner's opinion] that [plaintiff] had a physical residual functional capacity limiting [him] to less than a full range

---

[3] The psychologist administering plaintiff's PTSD questionnaire noted that plaintiff's approach "will potentially produce distortions" and "may not accurately represent [plaintiff's] status at the present time." Tr. 706.

of light work." *Id.*

Legal errors are harmless, however, if they are inconsequential to the non-disability decision. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). At the hearing, the vocational expert testified that a person with limitations consistent with Dr. Berner's medical opinion would not be precluded from full-time employment.[4] Tr. 67-68. Thus, Dr. Berner's opinion has no bearing on the ultimate non-disability determination, even if the ALJ had adopted it in full. As such, any error is harmless and does not provide grounds for remand.

### III.  Plaintiff's Additional Medical Evidence & Remand

Plaintiff attached additional medical evidence to his reply brief that was not presented to the ALJ. Pl. Reply Br. 2-62. While plaintiff does not explicitly ask for remand based on new evidence, because he is proceeding *pro se*, the court construes plaintiff's submission as a request to remand in light of new evidence.

Under 42 U.S.C. § 405(g), to remand a case in light of new evidence, a plaintiff must show (1) "whether the new evidence is material to a disability determination," and (2) "whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Materiality means that the evidence "bear[s] directly and substantially on the matter in dispute," and there is a "reasonabl[e] possibility that the new evidence would have changed the outcome"

---

[4] According to the vocational expert, an RFC of "light work" with plaintiff's postural limitations would include the jobs "bicycle subassembler," which represents approximately 866,000 jobs in the national economy; "laundry folder," which represents approximately 500,000 jobs in the national economy; and "bottle line attendant," which represents approximately 600,000 jobs in the national economy. Tr. 67-68.

of the ALJ's determination. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Secretary*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)). Good cause is demonstrated by showing that the new evidence was not available earlier. *See Mayes*, 276 F.3d at 463.

### A.   No Good Cause

Plaintiff has not shown good cause for failing to present the new evidence to the ALJ earlier. In fact, plaintiff's reply brief consists only of the first page of defendant's brief, retitled "Plaintiff's Rebuttal," and the additional evidence. Where plaintiff has not shown good cause, this court cannot remand in light of new evidence.

### B.   Evidence Dated After the ALJ's Decision

Some of the documents submitted by plaintiff are dated after September 26, 2018, the date the ALJ issued his decision. Evidence post-dating the decision is not necessarily precluded from the court's consideration on review, at least to the extent it relates back to the period prior to the decision. *Benveniste v. Astrue*, No. CV 10-00133-MLG, 2010 WL 3582208, at *3 (C.D. Cal. Sept. 9, 2010) (citing 20 C.F.R. § 404.970) ("[E]vidence is new and material only where it relates to the period on or before the date of the ALJ's decision."). Accordingly, the court reviews plaintiff's submissions to determine whether they relate to his medical conditions before September 26, 2018.

Plaintiff's evidence contains treatment notes regarding evaluations of his lower back pain by orthopedic surgeon Dr. Webb, dated February 28, 2019, April 24, 2019, and May 6, 2019. Pl. Reply Br. 2-23. On February 28, 2019, Dr. Webb noted that his last evaluation of plaintiff was two years prior, and that since then, "there is evidence historically, clinically, and radiographically of progression. Symptoms relate to his advanced lumbosacral

spondylosis, grade 1 spondylolisthesis, and resulting central as well as neuroforaminal stenosis." *Id.* at 2, 23.  On April 24, 2019, Dr. Webb noted that "[s]ince [plaintiff's] last visit 2 months ago, there has been some worsening of chronic back and radicular symptomatology." *Id.* at 9.  On May 6, 2019, Dr. Webb noted that "[s]ymptoms . . . have progressed" and "[a]t this point, I believe the level of disease coupled with chronicity of the same as such that surgical intervention may be a reasonable choice." *Id.* at 2, 7-8.

Plaintiff's evidence also contains narrative notes reviewing radiographs taken on February 28, 2019, of plaintiff's lumbar spine, and on May 22, 2019, of plaintiff's right hand.  Pl. Reply Br. 45-47, 48-50.  The February 28, 2019 report noted "moderate focal degenerative changes at L5-S1 demonstrating moderate to severe disc space narrowing and grade 1 anterolisthesis." *Id.* at 48.  The May 22, 2019 report noted "[m]inimal-moderate osteoarthrosis of the interphalangeal joints." *Id.* at 45.

Plaintiff's reports of worsening symptoms, even if supported by later medical findings, are not material to plaintiff's medical condition prior to September 26, 2018.  The law in the Ninth Circuit is that if new evidence merely shows a claimant's condition deteriorated after the administrative hearing, it does not bear substantially on the claimant's condition during the period at issue.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 512 (9th Cir. 1987).  Although worsening of plaintiff's impairments may be potentially relevant to a new application for benefits, it does not demonstrate the ALJ erred in evaluating evidence up until the date of the decision.  Therefore, evidence dated after the ALJ's decision cannot be a basis for remand.  *Bruton*, 268 F.3d at 827 (quoting *Booz*, 734 F.2d at 1380-81).

11 – OPINION AND ORDER

### C. Evidence Dated Within the Relevant Period

Plaintiff also has submitted evidence dated before September 26, 2018, including: radiograph reports from August 3, 2015 (left hip), August 10, 2015 (knees), August 31, 2015 (lumbar spine), and September 16, 2015 (lumbar spine).[5] Pl. Reply Br. 51-62. However, the evidence does not demonstrate a likelihood of reversal on remand; in other words, it is not material to the non-disability decision. The August 3, 2015 and August 10, 2015 radiograph notes do not suggest limitations beyond those accounted for in the RFC. *See* Pl. Br. 61 (August 3, 2015 notes indicate "[u]nremarkable radiographs of the left hip"); Pl. Br. 59 (August 10, 2015 notes indicate an "old fracture involving the left patella" and an "unremarkable" right knee). *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("At a minimum, [new] evidence must be probative of mental or physical impairment."). The August 31, 2015 and September 16, 2015 radiograph notes are merely duplicative of Dr. Webb's December 26, 2016 treatment summary, which the ALJ considered. *Compare* Tr. 680, 789, *with* Pl. Br. 54-56, 57-58; *see Mondragon v. Astrue,* 364 F. App'x 346, 349 (9th Cir. 2010) (evidence that was consistent with other evidence in the record before the ALJ was therefore not material). Thus, there is no "reasonable possibility" the "new" evidence would have changed the outcome of the ALJ's decision. *See Mayes*, 276 F.3d at 462.

---

[5] The attached documents include Dr. Webb's treatment notes from December 26, 2016, March 7, 2017, and May 18, 2017, and radiograph notes from May 18, 2017. Pl. Reply Br. 24-44, 51-53. These notes, however, are duplicative of record evidence considered by the ALJ in rendering his decision. *See* Tr. 784-804. Accordingly, the notes are not "new evidence" subject to potential remand under sentence six.

## ORDER

The Commissioner's decision is AFFIRMED.

DATED October 5, 2020.

                                                /s/ Youlee Yim You
                                                Youlee Yim You
                                                United States Magistrate Judge